ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIE DREW, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-813- |
| v. | : | JURY TRIAL DEMANDED |
| CORPORATION SERVICE CO., INC., a Delaware corporation, | : | |
| Defendant. | : | |

2007 DEC 11  PM 4:14

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

### COMPLAINT

Plaintiff, Brie Drew (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Corporation Service Co., Inc., (hereinafter referred to as "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1.      Plaintiff initiates the instant action to redress Defendant's unlawful employment practices and racial discrimination, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.

1

4.      Pursuant to 28 U.S.C. § § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff has exhausted the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964, as amended.  In particular:

(a)      Plaintiff filed timely written charges of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

(b)      On or about September 19, 2007, the EEOC issued a notice that it was dismissing Plaintiff's EEOC charge(s) and issued  a Right-To-Sue letter; and

(c)      Plaintiff has filed the instant action within ninety (90) days of receiving the aforesaid Right-To-Sue letter and notice of dismissal.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an African-American female who resides at 10 Cedarwood Place, Logan Township, NJ 08085.

8.      Upon information and belief, Defendant is a Delaware Corporation with a principal place of business in the State of Delaware and/or intentionally engages in

2

substantial business within the State of Delaware, at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Defendant is its own registered agent for service of process with the registered address of 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

9.      At all relevant times, upon information and belief, Defendant is engaged in the business of providing business services.

10.     At all times relevant herein, Defendant's employees, managers, agents, and servants acted at the behest of Defendant and/or for the benefit of Defendant during the course and scope of their employment.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired by Defendant on or about August 30, 2006.

13.     Plaintiff was terminated by Defendant on or about February 22, 2007.

14.     During the course of her employment Plaintiff was repeatedly singled out for negative treatment and/or discipline due to her race.

15.     During the course of Plaintiff's employment, she made repeated claims of discrimination to her supervisors, most notably, one Leona Dorsey.

16.     Defendant's proffered reason for Plaintiff's termination was that Plaintiff was discharged for engaging in disruptive behavior in the workplace.

17.     Upon information and belief, Plaintiff was terminated because of her race which is African-American and because she engaged in protected activity by complaining about racial discrimination.

**Count I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Disparate Treatment/ Discriminatory Termination/ Hostile Work Environment)**

18.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19.    Upon information and belief, Defendant singled out Plaintiff for termination because of her race and subjected her to harsher discipline/treatment than similarly situated non-African American employees, which created a hostile work environment.

20.    Upon information and belief, Defendant terminated Plaintiff in substantial part because of her race.

**Count II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

21.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22.    Upon information and belief, Defendant terminated Plaintiff in substantial part because of her complaints of racial discrimination.

**Count III**
**Violation of 42 U.S.C. § 1981**
**(Disparate Treatment/ Hostile Work Environment)**

23.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24.    The foregoing actions by Defendant also constitute violations of 42 U.S.C. § 1981.

4

**WHEREFORE**, Plaintiff prays that this Court enter a judgment in her favor and against Defendant containing the following relief:

(A)    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of racial discrimination and retaliation against employees, discriminating against employees or prospective employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

(B)    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

(C)    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to her by Defendant's actions;

(D)    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(E)    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

(F)    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

5

(G)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize

the financial recovery available to Plaintiff in light of the caps on certain damages set

forth in applicable federal law;

(H)     Plaintiff's claims are to receive a trial by jury to the extent allowed by

applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint

in accordance with Federal Rule of Civil Procedure 38(b).


                                        **LAW OFFICE OF JOHN M. LAROSA**

                                        **JOHN M. LaROSA, ESQUIRE**
                                        Bar I.D. No. 4275
                                        Two East 7th Street
                                        Suite 302
                                        Wilmington, DE 19801-3707
                                        (302) 888-1290
                                        JLR@LaRosaLaw.com


                                        **KARPF, KARPF & VIRANT**
                                        **ARI R. KARPF, ESQUIRE**
                                        3070 Bristol Pike
                                        Building 2, Suite 231
                                        Bensalem, PA 19020
                                        (215) 639-0801
                                        avirant@karpf-law.com

                                        Admission to be Moved Pro Hac Vice

Dated: December 11, 2007               Attorneys for Plaintiff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRIE DREW

## DEFENDANTS
CORPORATION SERVICE CO., INC.

(b) County of Residence of First Listed Plaintiff    GLOUCESTER COUNTY, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment to Civil Cover Sheet.

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

X  3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | X 442 Employment | | ☐ 865 RSI (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

X 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff initiates the instant action to redress Defendant's unlawful employment practices and racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____    DOCKET NUMBER _____

DATE  12/11/2007

SIGNATURE OF ATTORNEY OF RECORD   John M. LaRosa

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

**I.(c)    Attorney's (Firm Name, Address, and Telephone Number)**

Law Office of John M. LaRosa
John M. LaRosa, Esquire
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290

Karpf, Karpf & Virant
Ari R. Karpf, Esquire
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
(215) 639-0801

Admission to be Moved Pro Hac Vice

AO FORM 85 RECEIPT (REV. 9/04)

## United States District Court for the District of Delaware

Civil Action No.   ⁗ 0 7 ⁻ 8 1 3 ⁻



# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

# *NOTICE OF AVAILABILITY OF A*
# *UNITED STATES MAGISTRATE JUDGE*
# *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

___12/11/2007___         _____
(Date forms issued)         (Signature of Party or their Representative)

                        John M. LaRosa
                        (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action